

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | |
|---|---|
| ONTARIO LAMAR STALEY, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:21-4183-MGL-KDW |
| § | |
| SHERIFF KRISTIN R. GRAZIANO and § | |
| WELLPATH, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**
**AS TO PLAINTIFF'S FEDERAL CLAIMS,**
**AND DENYING THE REQUEST TO CONSIDER THIS ACTION AS A STRIKE**

Plaintiff Ontario Lamar Staley (Staley), a pre-trial detainee, filed this action against Defendants Sheriff Kristin R. Graziano (Graziano) and Wellpath (collectively, Defendants) in the Charleston County Court of Common Pleas. Staley is self represented.. Defendants subsequently removed the case to this Court in accordance with 28 U.S.C. §§ 1331 and 1367.

Graziano is the Sheriff for Charleston County, and Wellpath is the entity with which Charleston County contracts to provide medical services for the Sheriff Al Cannon Detention Center (the Detention Center).

Staley brings both federal constitutional and state claims against Defendants.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Graziano's and Wellpath's motions for summary

judgment both be granted, and Wellpath's request to consider this action as a strike under the Prison Litigation Reform Act be denied.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 8, 2023, and the Clerk of Court entered Staley's objections on May 24, 2023.

"In essence, Plaintiff's lawsuit boils down a straightforward slip and fall tort claim and his complaints with the subsequent medical treatment." Report at 2.

Staley starts off his submission by objecting to the lack of a library at the Detention Center. Objections at 1. But, Supreme Court precedent requires that an inmate making an access to the courts claim "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id*. "Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id*.

But, Staley has failed to make such a showing. Therefore, this objection will be overruled.

The Magistrate Judge "recommends finding that [Staley] has failed to establish a § 1983 claim against . . . Graziano." Report at 11 (footnoted omitted). Because Staley objections to the contrary are unconvincing and untethered to the law, the Court will overrule those objections, too.

According to the Magistrate Judge, Staley "may not bring a claim against Wellpath, as it is not a "person" subject to suit under § 1983." *Id*. at 19. Any objections to this well-settled principle of law are without merit and, thus, will also be overruled.

The Magistrate Judge also asserted that Staley "does not allege that Defendant Wellpath is liable due to the enforcement or enactment of a policy or custom." *Id*. at 20. Having made a de novo review of the record, the Court agrees. Thus, any objection from Staley that states differently is unavailing and will be overruled.

But, even if Wellpath was amenable to suit, the Magistrate Judge stated that, "in reviewing the evidence in the record and viewing all facts in a light favorable to [Staley], [she] recommends finding that . . .Wellpath is entitled to summary judgment[ ]" as to Staley's Section 1983 medical deliberate indifference claim. Report at 24 (footnote omitted). The Court, having now carefully considered Staley's objections and made a de novo review of the record, agrees with the Magistrate Judge's suggestion. Consequently, it will overrule Staley's objections as to this issue, as well.

Most of the rest of Staley's objections concern Defendants alleged negligence as it relates to his slip and fall: both the cause of the fall itself and the medical treatment that followed. But, as the Court will explain below, it is going to remand Staley's state claims to the Charleston Court of Common Pleas for adjudication there. Accordingly, the Court need not discuss and analyze Staley's objections related to his state law claims here.

In a footnote on the last page of Graziano's motion for summary judgment, she "requests this Court exercise its discretion to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims and grant summary judgment on all claims, concluding this action." Graziano's Motion for Summary Judgment at 20 n.7.

As per 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court can decline to exercise supplemental jurisdiction over a plaintiff's state law claims, however, once it "has dismissed all claims over which it has original jurisdiction." *Id*.

And, the Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co*., 446 F.3d 541, 553 n.4 (4th Cir. 2006). "There are no situations wherein a federal court must retain jurisdiction over a state law claim, which would not by itself support jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

"Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id*.

The Supreme Court has long held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted).

The Supreme Court, however, later made clear this statement fails to establish a mandatory rule to be applied, without any flexibility, in all cases. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("The statement simply recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Defendants have failed to convince the Court that this is anything but "the usual case in which . . . the balance of factors to be considered under the [supplemental] jurisdiction doctrine . . . point toward declining to exercise jurisdiction over [Staley's] remaining state-law claims." *Id*.

In addition, the Fourth Circuit has suggested that the Court can consider additional factors when deciding whether to exercise supplemental jurisdiction. *See Cahill*, 58 F.3d at 110 ("Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.").

Thus, the Court has also given weight to Staley's choice of forum in deciding whether to exercise supplemental jurisdiction over his state law claims. *See Voda v. Cordis Corp.*, 476 F.3d 887, 904 (Fed. Cir. 2007) (noting that the plaintiff's choice of forum is a factor in considering the exercise of supplemental jurisdiction).

Staley filed this case in the Charleston County Court of Common Pleas, his obvious choice of forum for this lawsuit. Therefore, this consideration also tips in favor of the Court refraining from exercising supplemental jurisdiction over his state law claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Staley's objections concerning his federal claims, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Graziano's and Wellpath's motions for summary judgment both are **GRANTED** as to Staley's federal claims, and Wellpath's request to consider this action as a strike under the Prison Litigation Reform Act is **DENIED**.

Because the Court declines to exercise supplemental jurisdiction over Staley's state law claims, those claims are **REMANDED** to the Charleston County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 31st day of May, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.